UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROSE F. SNYDER and DANNY RAY JACK,<br><br>    Plaintiffs,<br><br>  -vs-<br><br>PEND OREILLE COUNTY COUNSELING SERVICES and PEND OREILLE COUNTY,<br><br>    Defendants. | NO.  CV-07-0230-LRS<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTION FOR SUMMARY JUDGMENT** |

BEFORE THE COURT is Motion for Summary Judgment by Defendants Pend Oreille County Counseling Services and Pend Oreille County (Ct. Rec. 28).

**I.  PROCEDURAL BACKGROUND**

On July 30, 2007, Plaintiffs, Rose Snyder and Danny Ray Jack, filed a Complaint alleging that they are disabled pursuant to 28 C.F.R. 35.104 and that their dog, Bucky, is a service animal as defined by R.C.W. 49.60.040 and WAC 162.26.040.  Plaintiffs allege that Pend Oreille Counseling Center ("POCC") failed to reasonably accommodate their

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 1

disability pursuant to the Americans with Disabilities Act ("ADA"), 29 U.S.C. §794 and Washington's Law Against Discrimination ("WLAD"). Plaintiffs further allege that POCC negligently inflicted emotional distress onto them by failing to provide the necessary counseling services. (Complaint, ¶¶5.1-6.2).

Defense completed depositions of Plaintiffs by May 7, 2008. On May 20, 2008, Plaintiffs' former counsel filed a Notice of Intent to Withdraw. (Ct. Rec. 23). On June 2, 2008, the Court entered an Order Granting Motion to Withdraw As Attorney. (Ct. Rec. 27). Discovery cutoff was August 11, 2008. To date, no other legal counsel has entered a Notice of Appearance and Plaintiffs are proceeding pro se. The dispositive motion cutoff was August 18, 2008 pursuant to the Scheduling Order (Ct. Rec. 13) entered on September 24, 2007.

Defendants' Motion for Summary Judgment was timely filed August 18, 2008 and noted for hearing, without oral argument, on October 21, 2008. Plaintiffs filed a response to the motion which was beyond the time allowed by Rule 7.1(c). However, the Court's Order Granting Plaintiff's Motion for Extension of Time to Submit Motion for Summary Judgment, entered on October 14, 2008 (Ct. Rec. 45) extended Plaintiffs' time to file a response and the response was considered timely for all purposes hereunder.

Plaintiffs Memorandum in response to Defendants' Motion for Summary Judgment does not comport to the rules of evidence, rules of civil procedure, or local rules. In particular, Plaintiffs have failed to

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 2

submit a statement of material facts pursuant to LR 56.1(b). The failure to file a statement of material facts in opposition to defendant's statement of material facts allows the court to assume the facts as claimed by defendant are admitted to exist without controversy. See Local Rule 56.1(d).

**II.   SUMMARY JUDGMENT STANDARD**

A Court will grant summary judgment where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The party seeking summary judgment must show that no genuine issue of material fact exists and that the Court should grant judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982). The Court must construe all facts and all justifiable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255.

The party opposing summary judgment must go beyond the pleadings to designate specific facts establishing a genuine issue for trial. *Celotex*, 477 U.S. at 324; *Marks v. United States*, 578 F.2d 261, 263 (9th Cir. 1978). The non-moving party may use affidavits, depositions, answers to interrogatories, and admissions to do this. *Celotex*, 477 U.S. at 323-24. The Court must enter summary judgment against a party who fails to make a showing sufficient to establish an essential element of

a claim, even if genuine factual disputes exist regarding other elements of the claim. *Id*. At 322-23. No issue for trial exists unless sufficient evidence favors the non-moving party for a jury to return a verdict for that party. *Anderson*, 477 U.S. at 249. Thus, a scintilla of evidence in support of the non-moving party's position will not suffice. *Id.* at 252.

At the summary judgment stage the Court's function is not to weigh the evidence or judge credibility. *Id*. at 249. Essentially the inquiry is "whether the evidence presents a sufficient disagreement to require submission to [a fact finder] or whether it is so one sided that one party must prevail as a matter of law." *Id.* at 252.

**III.   SUMMARY OF FACTS**

Ms. Snyder and Mr. Jack, residents of Pend Oreille County, are disabled and collect benefits from the Social Security Administration and the State of Washington. Ms. Snyder suffers from agoraphobia (an abnormal fear of being in crowds, public places, or open areas), among other mental disabilities. Mr. Jack suffers from physical disabilities related to chronic pain. Plaintiffs are not employed.

Plaintiffs sought mental health treatment through POCC. They attended at least two counseling sessions with a counselor and then, identifying Bucky as a service animal, requested that Bucky be permitted to attend the counseling sessions with them.

Based upon Plaintiffs' representation that Bucky was a service animal, POCC permitted him to attend their sessions in the main office

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 4

in Newport, Washington. Eventually, this permission was withdrawn for reasons[1] disputed by Plaintiffs. POCC, however, attempted to make alternative arrangements for Plaintiffs' counseling sessions to accommodate their requests that Bucky attend their sessions with them.

POCC attempted to accommodate Plaintiffs by flexing the start times and offered other meeting areas. POCC offered sessions in Plaintiffs' home. Plaintiffs refused all alternatives alleging that they were being discriminated against. Plaintiffs stated reason for refusing these alternatives was that it was not convenient. Plaintiffs subsequently filed this lawsuit.

**IV. DISCUSSION**

**A. ADA/WLAD Claims**

Defendants argue that Plaintiffs fail to establish a claim pursuant to the ADA or Washington Law Against Discrimination. For purposes of this motion, Defendants do not dispute that Plaintiffs are disabled or that Defendant Pend Oreille County is a public entity under the ADA. Defendants do dispute that Bucky qualifies as a service animal under the ADA. Finally, Defendants state that Plaintiffs have failed to meet all three requirements for a violation to be established under Title II of the ADA.

In order to successfully state a claim under Title II of the ADA,

---

[1] Defendants state that Bucky had frightened another client and they did not feel that Bucky should return to the main office during normal business hours, given their need to protect other clients.

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 5

a plaintiff must allege: 1) that he or she is a "qualified individual with a disability;" 2) that he or she was "excluded from participation in or denied the benefits of the services, programs, or activities of a public entity" or otherwise "discriminated [against] by such entity;" 3) by reason of such disability." 42 U.S.C. §12132. All three requirements must be met, argue Defendants, before a violation will be established. To prevail on their claims, Defendants assert, Plaintiffs must be able to prove, by a preponderance of evidence, that they are qualified individuals with a disability; that Bucky is a service animal and that because Bucky could not attend POCC, they were denied services; and that both Ms. Snyder and Mr. Jack require Bucky's assistance pursuant to the ADA and that POCC discriminated against Plaintiffs as a result of their disabilities. Defendants finally conclude that Plaintiffs must establish that as a result of their disabilities, POCC violated their rights and discriminated against them, and failed to offer any reasonable accommodation.

Relying on *Access Now, Inc. v. Town of Jasper*, 268 F.Supp.2d 973 (2003), Defendants contend that Bucky is a beloved pet to both Ms. Snyder and Mr. Jack and provides no assistance to Plaintiffs outside of that which one would expect from a pet. Although in their response Plaintiffs spend a significant portion describing their various disabilities, Defendants assert that the records indicate that Ms. Snyder has a mental disability and Mr. Jack has a physical disability. Defendants do not dispute that Bucky provides some assistance to Plaintiffs and that Bucky

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 6

can have a calming effect on both of them. However, the services provided by Bucky are nothing more than occasional services, mostly provided outside of a place of public accommodation. Plaintiffs admit that they share Bucky between the two of them and that they do not always take Bucky with them. Defendants conclude, and the Court agrees, that Bucky simply does not qualify as a service animal.

Finally, Plaintiffs fail to present evidence to dispute that POCC attempted reasonable accommodations to allow Bucky to be present at their counseling sessions. Plaintiffs cannot refuse all alternative offers to accommodate Bucky being present and then complain that POCC discriminated against them as a result of their disabilities. The Court finds that Plaintiffs' claims pursuant to the ADA must be dismissed.

As to the WLAD claim, Washington courts turn to federal decisions in interpreting Title VII to deide issues under WLAD. Haubry v. Snow, 106 Wn.App. 666, 674 (2001).

For the reasons discussed above with regard to the ADA claim, this claim must also be dismissed.

**B.     NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

Plaintiffs claim for Negligent Infliction of emotional distress fails as a matter of law as there is no issue of fact that would establish that they were denied any counseling services through the fault of Defendants.

As with any negligence claim, this claim must withstand the required showing of duty, breach, proximate cause, and damages or injury. See

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 7

*Hunsley v. Giard*, 87 Wn.2d 424, 434 (1976).

Additionally, to survive summary judgment on a claim of negligent infliction of emotional distress, a plaintiff must prove he or she has suffered emotional distress by "objective symptomatology," and the "emotional distress must be susceptible to medical diagnosis and proved through medical evidence." *Hegel v. McMahon*, 136 Wash.2d 122, 135 (1998); *see also Hunsley v. Giard*, 87 Wash.2d 424 (Wash.1976). The symptoms of emotional distress must also "constitute a diagnosable emotional disorder." *Hegel,* 136 Wash.2d at 135; *Marzolf v. Stone*, 136 Wash.2d 122, 960 P.2d 424, 431 (1998).

In this instant case, Plaintiffs admit they denied alternative treatment options, including home visits, and failed to make any further efforts to obtain counseling services. There is no duty that POCC breached. Plaintiffs also have failed to show the additional requirement of objective symptomatology, proved with medical evidence. The claim for negligent infliction of emotional distress must also be dismissed.

**V.  CONCLUSION**

Based upon the reasons and authorities cited above**, IT IS HEREBY ORDERED** that:

1. Defendants' Motion for Summary Judgment, Ct. Rec. 28, filed August 18, 2008, is **GRANTED,** and judgment is entered in favor of Defendants on all the claims**.**

**IT IS SO ORDERED**. The District Executive is directed to enter judgment accordingly, forward copies of the judgment and this order to

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 8

1  counsel, pro se Plaintiffs, and close this file.

2      **DATED** this 12th of December, 2008.

3

4                            *s/Lonny R. Suko*

5                            ─────────────────────────
                                  LONNY R. SUKO
6                            United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 9